IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


TIMOTHY FARRELL CONWAY                                                    PLAINTIFF


V.                                    CIVIL NO. 1:13-cv-01076


DEIRDRA NOTTO; AMANDA HOPE;
STEPHENIE STOVE; and BILL PUGH                                          DEFENDANTS


### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Timothy Conway filed this case *pro se* pursuant to 42 U.S.C. § 1983 on October 21, 2013.  ECF No. 1.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

I.      BACKGROUND

Plaintiff is currently an inmate of the Ouachita County Detention Center ("OCDC") in Camden, Arkansas.  In Plaintiff's Complaint, he named Deirdra Notto, Amanda Hope, Stephenie Stove, and Bill Pugh all from Arkansas Department of Human Services, Child and Family Division as Defendants.  Plaintiff claims he was arrested and his parole revoked as a result of the

1

Defendants false affidavits and testimony against him.  ECF No. 1, pp. 4-5.  Plaintiff seeks relief

for false imprisonment, physical pain and suffering, perjury, and discrimination.[1]  ECF No. 1, p.

6.

## II.    APPLICABLE LAW

In reviewing Plaintiff's IFP Motion, there is a two step process followed by the Court: (1)

determine whether Plaintiff's economic status satisfies section 1915(a) requirements and, if it does,

grant the Motion; unless (2) the Court determines the cause of action stated in Plaintiff's

Complaint is frivolous or malicious.  *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir.

1982).  If the causes of action stated in the Complaint are frivolous or malicious, the Complaint

must be dismissed.  *Id.; see also* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A) (during screening the

Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous

or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief

against a defendant who is immune from such relief).  A complaint is frivolous if it "lacks an

arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  To state

a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state

law, deprived him of a right, privilege, or immunity secured by the United States Constitution or

by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

---

[1] The Court notes that Plaintiff has filed two Motions to Amend his Complaint.  The first
seeks only to correct the spelling of the names of two Defendants and to add an attorney from
the Department of Human Services as a Defendant.  ECF No. 7.  The second seeks to add
evidence in support of his claims that Defendants falsified affidavits and testimony against him
during his parole hearing and to add witnesses.  ECF No. 8.  Neither seeks to significantly alter
his claims in any way.  Accordingly, the Court finds consideration of these motions would be
futile.

### III.    DISCUSSION

In his IFP Motion, Plaintiff states he does not receive any funds.  The records from the OCDC indicate his monthly balance averages is $41.85.  ECF No. 6.  The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.  The Court, however, will not grant Plaintiff's IFP Motion because Plaintiff's claims are frivolous and fail to state claims upon which relief may be granted.

Plaintiff's claims challenge his incarceration.  In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486–87.    Plaintiff specifically seeks relief from his parole revocation and incarceration, but he did not make any allegations that his parole revocation and incarceration have been overturned.  A section 1983 claim that would necessarily imply the invalidity of his confinement is premature if the confinement is not first called into question by the appropriate state or federal remedey.  *Id.*; *see also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (the plaintiff's section 1983 claim for denial of parole was dismissed because the plaintiff did not first challenge his continued confinement through the appropriate state or federal remedies).  Thus, Plaintiff's claims are not cognizable claims under section 1983.

Moreover, Plaintiff requests the Court reverse his parole revocation and release him from custody.  Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief.  In

other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction.  *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).

## III.    CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 6) be **DENIED** and the Complaint (ECF No. 1) be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).  Additionally, the dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). Therefore, I recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **20th day of December 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED  STATES  MAGISTRATE  JUDGE