IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


TIMOTHY FARRELL CONWAY                                                    PLAINTIFF


VS.                                    Civil No. 4:13-cv-1076


DIERDRA NOTTO; AMANDA HOPE;
STEPHANIE STOVE; and BILL PUGH                                          DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed December 20, 2013, by the

Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.

(ECF No. 9).  Judge Bryant recommends that Plaintiff's Motion for Leave to Proceed *in forma*

*pauperis* (ECF No. 6) be denied and that his Complaint (ECF No. 1) be dismissed without prejudice.

Judge Bryant further recommends that dismissal constitute as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff has filed objections to the Report and Recommendation.  (ECF No. 10).[1]  After reviewing

the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

Plaintiff is currently an inmate of the Ouachita County Detention Center ("OCDC") in

Camden, Arkansas. In Plaintiff's Complaint, he named Deirdra Notto, Amanda Hope, Stephenie

Stove, and Bill Pugh all from Arkansas Department of Human Services, Child and Family Division

as Defendants. Plaintiff claims he was arrested and his parole revoked as a result of the Defendants'

false affidavits and testimony against him. (ECF No. 1, pp. 4-5). Plaintiff seeks relief for false

---

[1]  Judge Bryant also noted that Plaintiffs' pending Motions to Amend his Complaint (ECF Nos.
7-8) do not seek to alter his claims in any significant way.  Accordingly, Judge Bryant found that
consideration of the motions to amend would be futile.  The Court agrees and Plaintiff made no objection
to this finding.

imprisonment, physical pain and suffering, perjury, and discrimination.  As Judge Bryant points out in his Report and Recommendation, Plaintiff's claims, in essence, challenge the testimonial basis for his incarceration.   In order to recover damages for unlawful actions that caused an unconstitutional imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  Judge Bryant rightly points out that Plaintiff has not made any allegations that indicate that his parole revocation and incarceration have been overturned.  Accordingly, his § 1983 claims are not cognizable.

Plaintiff's Complaint also requests that the Court reverse Plaintiff's parole revocation and release him from custody.  Judge Bryant correctly noted that "Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction."  Plaintiff makes no substantive objection to Judge Bryant's finding.  Rather, he states he cannot file a petition for *habeas corpus* relief because he has no access to a law library.  Plaintiff's lack of access to a library does not alter the fact that the law does not allow this Court to grant *habeas corpus* relief pursuant to civil rights statutes.  Furthermore, Plaintiff is not legally entitled to access to a law library.  *Schrier v. Halford*, 60 F.3d 1309, 1313 (8th Cir. 1995).

For the reasons stated above, as well as those contained in the Report and Recommendation, Plaintiff's Motion to Proceed IFP is **DENIED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). The Clerk

is directed to place a § 1915(g) strike flag on the case.

       **IT IS SO ORDERED**, this 14th day of January, 2014.

/s/ Susan O. Hickey     
Susan O. Hickey
United States District Judge
